UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BRYANT,

    Plaintiff,                                               Case No. 10-12677

v.                                                    HONORABLE DENISE PAGE HOOD

BAC HOME LOANS SERVICING, LP,

    Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On July 6, 2010, Plaintiff Richard Bryant ("Bryant") filed the instant suit against Defendant BAC Home Loans Servicing, LP ("BAC") alleging twelve counts: Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count I); Equitable, Declaratory and Injunctive Relief (Count II); Breach of Contract/Wrongful Foreclosure (Count III); Violation of Michigan Foreclosure Law (Count IV); Violation of Michigan Foreclosure Law, M.C.L. §§ 445.1672 and 445.1673 (Count V); Violation of M.C.L. § 445.901 *et seq.* (Count VI); Violation of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681s-2(b) (Count VII); Negligence (Count VIII); Negligence *Per Se* (Count IX); Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6) (Count X); Violation of the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b) (Count XI); and, Violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d) (Count XII).

Bryant entered into a Mortgage with the assignor to BAC, nonparty New Century Mortgage

Corporation, on December 17, 2004. (Comp., ¶ 9) Bryant applied for a loan modification with BAC on February 1, 2008. (Comp., ¶ 11) Bryant claims he did not receive timely written notice that any of the applications he submitted had been approved or denied. (Comp., ¶¶ 13-14) Bryant's initial monthly payment was at $1,686.00 and after an adjustment, the monthly payment went up to $5,021.90, which Bryant claims is based on a gross miscalculation. (Comp., ¶¶ 17-19) Despite receiving a qualified written request from Bryant, BAC continues its foreclosure proceedings against the property. (Comp., ¶¶ 23-24) Bryant claims he will be irrevocably harmed if any foreclosure sale is allowed to proceed. (Comp., ¶ 28)

This matter is before the Court on BAC's Motion for Summary Judgment. A response and reply have been filed. In his Response, Bryant stipulates to dismissal of his RESPA claim under § 2607(b) (part of Count I); ECOA, FDCPA and remaining state law claims. (Resp., pp. 10, 17) The Court, therefore, dismisses the following Counts: III; IV; Count V; Count VI; Count VIII; Count IX; Count X; Count XI; and, Count XII. Bryant proceeded to argue his claims under § 2605(e) of RESPA (Count I) and FCRA (Count VII) were violated in his response. Count III does not set forth a claim but requests a declaratory and/or injunctive relief. The § 2605(e) RESPA and FCRA claims are addressed below.

## II.     ANALYSIS

### A.     Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material

facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

       **B.**     **Real Estate Settlement Procedures Act (Count I)**

BAC argues that Bryant fails to establish that BAC violated 12 U.S.C. § 2605(e) of RESPA because its three page response to Bryant's qualified written request ("QWR") complies with RESPA, that there is no evidence that BAC provided any information regarding Bryant's overdue payments to any consumer reporting agencies during the 60 day period after BAC received Bryant's QWR and that Bryant fails to present any evidence regarding the existence of actual damages. In response, Bryant claims that BAC did not adequately respond to his Qualified Written Request. BAC's letter to Bryant was untimely and failed to comply with RESPA.

    Section 2605 of RESPA requires a loan servicer to respond to a borrower's inquiries within

60 days when it receives a qualified written request from the borrower. 12 U.S.C. § 2605(e)(2). The servicer shall conduct an investigation and then, if applicable: 1) make corrections to the borrower's account; 2) provide a statement of the reasons for why the servicer believes the borrower's account is correct; 3) provide contact information that the borrower may call for assistance; 4) provide the borrower with the information requested; or 5) provide an explanation of why the requested information is unavailable or cannot be provided by the servicer. 12 U.S.C. § 2605(e)(2)(A) - (C). A servicer may choose a method of response; there is no duty comply with all three. *Weinert v. GMAC,* 2009 WL 3190420 * 8 (E.D. Mich. Sept. 29, 2009). If a loan servicer violates § 2605(e), the borrower is entitled to actual damages. 12 U.S.C. § 2605(f).

Bryant claims that he contacted BAC in February 2008 to see if he qualified for a loan modification, in anticipation of an adjustment in his adjustable rate mortgage. He then submitted several loan modification applications to BAC, which Bryant claims BAC either lost or ignored. (Bryant Aff., Ex. A to Resp.) Bryant claims BAC assured him he qualified for a loan modification and that a loan modification would be forthcoming. (*Id*) On March 4, 2010, Bryant sent a QWR to BAC, which BAC received on March 8, 2010. (Ex. D to Resp.) Bryant admits that BAC sent three separate letters on April 1, 30 and June 1, 2010. (Exs. E, F, G to Resp.) Bryant claims none of these three letters taken as a whole fully addressed Bryant's QWR and that only the first two letters were timely. Bryant claims that during the 60 day period, BAC verified the derogatory credit information about Bryant's mortgage. (Ex. I to Resp.)

BAC in its reply claims that there are no genuine issue of material fact as to whether its QWR was timely. Although Bryant claims that the 60 day time period ended on May 31, 2010, because that day was a public holiday, Memorial Day, its response was not due until June 1, 2010

4

under 12 U.S.C. § 2605(e)(2) which states that not later than 60 days "excluding legal public holidays, Saturdays, and Sundays" after the receipt from any borrower of a QWR, a servicer must respond to the QWR. Counting 60 days from BAC's receipt of the QWR, excluding holidays and weekends, BAC's June 1, 2010 letter was timely. The June 1, 2010 letter addresses, line by line, Bryant's inquiry. Although not agreed to by Bryant, BAC's letter sufficiently responds to Bryant's QWR letter under § 2605(e).

BAC also claims that Bryant failed to present any evidence that BAC provided any information regarding Bryant's overdue payments to any consumer reporting agencies during the 60 day period after BAC received Bryant's QWR. The BAC representative testified that upon receipt of Bryant's QWR, BAC placed a hold on his account to prevent negative credit reporting while responding to the QWR. (Chatman Dep., p. 34) Bryant testified at his deposition that he did not know what his credit score was from 2005 through 2011 or had any copies of his credit reports. (Bryant Dep., pp. 43-44)

In his response, Bryant submitted a copy of his credit report which Bryant claims shows the negative credit report submitted by BAC. A review of the reports submitted by Bryant from Experian, TransUnion and Equifax shows that Bryant contacted these agencies in March 2010 to review the BAC loan. Although these reports show negative information as to the BAC loan, Bryant submitted no evidence that BAC submitted negative information, apart from a response to an inquiry by the credit reporting agencies, which the credit reporting agencies undertook at the request of Bryant. Bryant created no genuine issue of material fact by submitting the credit reporting agencies' responses to his request regarding the BAC loan.

BAC asserts that Bryant failed to support his claim that he suffered actual damages. Bryant

5

responds that the alleged errors in the reinstatement calculations damaged his credit, caused his insurance rates to potentially increase and limited his employment opportunities. Bryant also claims that he suffered emotional distress. Other than Bryant's conclusory statements, he submitted no evidence to support his claims for damages. Copies of the credit reporting agencies' response to Bryant's inquiry is insufficient since Bryant has made no showing that his credit score decreased from the time before he sent the QWR until the time BAC sent its June 1, 2010 response to Bryant. A plaintiff has the burden to show damages and conclusory statements will not support allegations of actual damages. *Webb v. Chase Manhattan Mort. Corp.*, 2008 WL 2230696 *14 (S.D. Ohio May 28, 2008). Even if Bryant can show that RESPA was violated by BAC, his Complaint must be dismissed for failure to support his claim for actual damages.

### C. Fair Credit Reporting Act (Count VII)

BAC asserts that summary judgment should be entered on Bryant's FCRA claim since there is no private cause of action under the FCRA and he is unable to show that BAC failed to provide accurate credit information to the credit reporting agencies. Bryant responds that BAC willfully violated the FCRA by submitting information to credit reporting agencies that he was more than 120 days late during May and June 2010.

Only one provision of the FCRA applies to those who furnish credit information—15 U.S.C. § 1681s–2, which outlines a duty to provide accurate information to credit reporting agencies. However, the FCRA expressly prohibits any private causes of action based on a nonwillful violation of § 1681s–2(a). See 15 U.S.C. § 1681s–2(c). Only governmental entities may enforce the duty to provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s–2(a); *Bach v. First Union Nat'l Bank*, 149 Fed App'x 354, 358–59 (6th Cir.2005); *Girgis v. Countrywide Home Loans,*

*Inc.*, 733 F.Supp.2d 835, 849 (N.D. Ohio 2010).

Bryant's claim is that by verifying the loan status to the credit reporting agencies, at the request of the credit reporting agencies investigating the issue upon Bryant's request, this constitute a willful violation by BAC under the FCRA. However, as noted above, verifying the loan status to the credit reporting agencies does not show a willful violation by BAC. But for Bryant's request to the credit reporting agencies to investigate the loan status issue, Bryant cannot show that BAC willfully reported to the credit reporting agencies the negative status of the loan. There is no genuine issue of material fact that BAC's actions willfully violated the FCRA.

### III. CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED that Defendant's Motion for Summary Judgment (**Doc. No. 25, filed 7/29/2011**) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                              s/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: October 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2011, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager